**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ──────────────────────── | : |  |
| NICOLE HARRIS, | : | Civil Action No. 06-2515 (JAG) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| TROY LEVI, | : |  |
|  | : |  |
| Respondent. | : |  |
| ──────────────────────── | : |  |

**APPEARANCES**:

> NICOLE HARRIS, #21242-050
> Federal Detention Center
> P.O. Box 562
> Philadelphia, Pennsylvania  19105
> Petitioner Pro Se

**Greenaway, Jr.**, District Judge

Petitioner Nicole Harris, who is presently confined at the Federal Detention Center in

Philadelphia, Pennsylvania, filed a Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2241,

challenging the calculation of her good conduct time ("GCT") by the Bureau of Prisons ("BOP").

For the reasons expressed below, this Court shall dismiss the Petition.

## I.  BACKGROUND

Petitioner is currently serving a federal sentence of  140 months imposed on July 30,

1998, by the United States District Court for the District of New Jersey.  See United States v.

Harris, Crim. No. 97-0487-JAG-4 judgment of conv. (D. N.J. July 30, 1998).  According to the

BOP, Petitioner is eligible under 18 U.S.C. § 3624(b) to receive 54 days of GCT per year, based

on the time she will actually serve in prison rather than the sentence imposed.  See 28 C.F.R. §

523.20.  BOP projects Petitioner's release date as January 25, 2008.

## II.  DISCUSSION

A.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v.

Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert.

denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to

ordering an answer and to dismiss the petition summarily "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court."  28

U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004), applicable through Rule 1(b).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are

satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution

or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488,

490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure

§ 8.1 (4th ed. 2001).  This Court has subject matter jurisdiction over the Petition because

"[s]ection 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal

2

prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

However, this Court must also have personal jurisdiction over the custodian, as § 2241 provides that "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). "[I]n habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); accord Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994).

In this case, because Petitioner challenges the duration of his confinement by the BOP, the proper respondent is the warden of Federal Detention Center in Philadelphia, Pennsylvania. This Court lacks personal jurisdiction over the Respondent, who is in the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Thus, this Court may transfer the Petition to a more convenient forum, pursuant to 28 U.S.C. § 1404(a), see Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499 n.15 (1973), or dismiss it.

C.  Transfer

This Court will not transfer the Petition to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a), because transfer would be futile. In her habeas Petition, Petitioner argues that, by calculating her GCT based on the time served, as opposed to the sentence imposed, the BOP is depriving her of the opportunity to earn additional GCT, to which she is statutorily entitled under 18 U.S.C. § 3624(b). However, the Third Circuit

3

determined in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), that the BOP's calculation of GCT based on the time actually served, rather than the sentence imposed, is a reasonable interpretation of § 3624(b), to which this Court must defer.  Id.  In light of O'Donald, Petitioner's claim is without merit and transfer of the Petition to the Eastern District of Pennsylvania would be futile.  This Court will dismiss the Petition.

## III.  CONCLUSION

Based on the foregoing, this Court will dismiss the Petition.


 S/Joseph A. Greenaway, Jr.          
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: June 26, 2006